UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.: _____

| | |
|---|---|
| YAHAIRA DURAN TOLEDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADVENTHEALTH NORTH POLK, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff YAHAIRA DURAN TOLEDO ("Plaintiff"), sues the Defendant ADVENTHEALTH NORTH POLK, INC.  ("Defendant"), and alleges as follows:

## NATURE OF ACTION

1.     This action arises out of Plaintiff's employment relationship with Defendant, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"); Fla. Stat. § 440.205; and Florida common law[1].

## PARTIES

2.     At all times material, Plaintiff was a resident of Polk County, Florida.

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC.

3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

4. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

5. At all times material, Defendant was a company doing business throughout the United States and in Polk County, Florida. Defendant is, and at all times relevant was, a medical provider with facilities all over the United States and its business activity affected interstate commerce.

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq.*; Fla. Stat. § 440.205; and Florida common law.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district, because Defendant does business within the district and because the employment records of Plaintiff are stored or have been administered, in Polk County, Florida.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

10.      Plaintiff worked for the Defendant as a nurse since April of 2019.

11.      Plaintiff is a disabled individual with asthma. Alternatively, Defendant regarded or perceived Plaintiff as being disabled. At all times relevant, Defendant knew that Plaintiff had asthma.

12.      On or about April 2, 2020, while conducting a routine respirator fit test, Defendant intentionally made Plaintiff use a different type of spray, which caused a deadly allergic reaction on Plaintiff that almost collapsed her lungs.

13.      Plaintiff became severely injured as a result of the above incident, which the Defendant caused. Plaintiff has been unable to breathe well since the incident.

14.      On or about April 3, 2020, because Plaintiff could barely breathe, Defendant required Plaintiff to take a Covid-19 test. She was later injected steroids to aid her lungs to reduce the inflammation (they were inflamed).

15.      Shortly thereafter, Defendant told Plaintiff that she had tested positive with Covid-19 and sent Plaintiff home quarantined indefinitely until Plaintiff tested negative and her over all condition had gotten better.

16.      Plaintiff requested medical treatment from Defendant for a serious medical condition related to her lungs and her breathing. Defendant, a medical provider, initially provided Plaintiff with medical treatment.

17.      On or about April 6, 2020, Defendant's worker's compensation insurance carrier, took over Plaintiff's treatment for her serious medical condition.

18.     Defendant specifically told Plaintiff that she did not need FMLA leave because "worker's compensation" was taking care of her serious medical condition.

19.     Feeling depressed for being home quarantined for Covid-19, Plaintiff demanded to see the results of her Covid-19 test.

20.     In response, Defendant acknowledged that it had made a mistake when it told Plaintiff that she was "positive" with Covid-19. It further explained that it had misinterpreted the results of Plaintiff's test received by fax and admitted that "it turns out [Plaintiff] never tested "positive" for Covid-19.

21.     Defendant then requested that Plaintiff go back to the hospital for further treatment regarding her serious medical condition.

22.      Plaintiff's doctors recommended that Plaintiff see an endocrinologist; however, Defendant's worker's compensation insurance carrier refused to refer Plaintiff to an endocrinologist.

23.     In response, Plaintiff had no choice but to hire lawyers specialized in recovering worker's compensation benefits on behalf of injured employees.

24.     On or about November 2, 2020, Plaintiff received a bill for employee's fringe benefits, in specific for medical insurance. When Plaintiff inquired as to why she was receiving bills when her treatment was being covered by the Defendant and by its worker's compensation carrier, Defendant confirmed that as of October 20, 2020, Plaintiff had been terminated. Therefore, Defendant claimed that it did not have to pay for anything related to Plaintiff.

25.     Plaintiff has experienced severe pain and suffering, including mental distress and trauma related to the misdiagnosis provided by Defendant and due to her wrongful termination.

26.     At all times relevant, Defendant considered Plaintiff a good employee.

27.     From her date of hire until her unlawful termination, Plaintiff received satisfactory feedback from Defendant about her work performance.

28.     Plaintiff immediately reported the above work-related injury to Defendant and immediately requested medical treatment.

29.     Up until the time of Plaintiff's termination, Defendant had not explained to Plaintiff her potential rights to leave under the FMLA, or her rights under the Worker's Compensation law in Florida.

**COUNT I: INTERFERENCE WITH FMLA
RIGHTS AGAINST DEFENDANT (TERMINATION)**

30.     Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

31.     On or about April 22, 2020, Plaintiff was eligible for FMLA leave.

32.     At all times material, Plaintiff gave proper notice to Defendant by informing it of her serious medical condition.

33.     Plaintiff provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

34.     Despite its knowledge of Plaintiff's serous medical condition, Defendant fired Plaintiff instead of affording her the opportunity to request or take FMLA leave.

35.     When Defendant fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

36.     As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

   a.  Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

   b.  Reinstatement or compensatory mental damages;

   c.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

   d.  Award Plaintiff liquidated damages;

   e.  Award Plaintiff prejudgment interest on her damages award;

   f.  Award Plaintiff reasonable costs and attorney's fees;

   g.  Award Plaintiff any further relief pursuant to the FMLA; and

   h.  Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT II: WORKER'S COMPENSATION RETALIATION

37.     Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

38.     This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

39.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.  The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

40.     On or about April of 2020, Plaintiff suffered a work-related injury and she immediately notified Defendant.

41.     On or about late April of 2020 and later, through her attorneys, Plaintiff requested worker's compensation benefits related to her work-related injuries.

42.     In response, Defendant terminated Plaintiff's employment.

43.     Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

44.     The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to    Fla. Stat. §§ 440 et. seq.  In other words, the Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

45.     Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

46.     By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

47.     Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages according to proof.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendant for all back wages from the date of discharge to the present date; punitive damages; compensatory mental damages; any other relief allowed under Florida Statutes; and for any and all other relief that this Court may deem just and proper.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT

48.     Plaintiff repeats and re-alleges paragraphs 1- 29 as if fully stated herein.

49.     Defendant has intentionally inflicted emotional distress on Plaintiff by its outrageous conduct.

50.     The outrageous conduct portrayed as set forth in paragraphs 10-29, was directed at Plaintiff, by Defendant, in the course and scope of employment.

51.     As a direct and proximate result of the outrageous acts described herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Award Plaintiff actual damages suffered;

b. Award Plaintiff compensatory damages for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

c. Award Plaintiff punitive damages;

d. Award Plaintiff prejudgment interest on her damages award; and

e. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: March 4, 2021.

> By:/s/ Tanesha W. Blye
> Tanesha W. Blye, Esquire
> Fla. Bar No.: 738158
> Email: tblye@saenzanderson.com
> Yadhira Ramírez-Toro, Esquire
> Fla. Bar No.: 120506
> Email: yramirez@saenzanderson.com
> R. Martin Saenz, Esquire
> Fla. Bar No.: 0640166
> Email: msaenz@saenzanderson.com
> SAENZ & ANDERSON, PLLC
> 20900 N.E. 30th Avenue, Ste. 800
> Aventura, Florida 33180
> Telephone: (305) 503-5131
> Facsimile: (888) 270-5549
> *Counsel for Plaintiff*