UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YAHAIRA DURAN-TOLEDO,**

      **Plaintiff,**

**v.**                           **Case No. 8:21-cv-00517-MSS-AAS**

**ADVENTHEALTH NORTH POLK
INC.,**

      **Defendant.**

_____/

## ORDER

Defendant AdventHealth Polk North, Inc. d/b/a AdventHealth Heart of Florida (AdventHealth) moves to compel an independent medical examination (IME) of Plaintiff Yahaira Duran-Toledo. (Doc. 23). AdventHealth also requests that the examination be conducted in English. (*Id.*). The plaintiff opposes the motion. (Doc. 31).

Rule 35 provides that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The "in controversy" and "good cause" requirements of Rule 35 require a showing by the movant that each condition as to which the examination is sought is genuinely in controversy and that good cause exists

1

for ordering the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Courts in this District have considered these factors in determining whether a mental examination is warranted:

> (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of claim for emotional distress damages; or (5) plaintiff concedes that [her] mental condition is in controversy within the meaning of Rule 35.

*Trenary v. Busch Entm't Corp.*, No. 8:05-CV-1630-T-30EAJ, 2006 WL 3333621, at *2 (M.D. Fla. Nov. 16, 2006) (quoting *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 554 (N.D. Ga. 2001)).

In the complaint, the plaintiff raises a cause of action for Intentional Infliction of Emotional Distress (IIED) under Florida common law (Count III).[1] (Doc. 1). The plaintiff alleges she suffered "mental pain and suffering, emotional distress, mental anguish, inconvenience and loss of capacity for the enjoyment of life," and suffered "embarrassment, anxiety, humiliation and emotional distress" that she "continues to suffer." (*Id.* at p. 9). "It is true, a plaintiff does not put his or her mental condition in controversy simply by

---

[1] Under Florida law, to prove her IIED claim, the plaintiff must prove that she suffered "severe" emotional distress. *Moore v. Pederson*, 806 F.3d 1036, 1053 (11th Cir. 2015).

seeking damages based on emotional distress." *Nathai v. Fla. Detroit Diesel-Allison, Inc.*, 268 F.R.D. 398, 400 (M.D. Fla. 2010); *see also Stevenson*, 201 F.R.D. at 553 ("The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or garden variety emotional distress."). However, the plaintiff does not raise a garden variety claim of emotional distress. Indeed, the plaintiff testified at her deposition she suffered emotional distress in the form of tremors, shaking, stress, anxiety, frustration, loss of sleep, worry, crying spells, and other symptoms. (*See* Doc. 23, Ex. B at 42:12-18, 49:20-25, 60:21-61:4, 69:22-24, 71:9-12).

Contrary to the complaint's allegations that her emotional distress is ongoing, the plaintiff testified at her deposition that most of her emotional distress ceased soon after it began. (*Id.* at 49:20-50:19, 65:9-13, 70:10-19). There are also inconsistencies between the allegations in the complaint and the plaintiff's deposition testimony about the scope and duration of the plaintiff's emotional distress. These inconsistencies support a finding that the plaintiff's mental condition is in controversy and there is good cause for a mental examination. *See Reaves v. Wayne Automatic Fire Sprinklers, Inc.*, No. 2:11-CV-00049-CEH, 2011 WL 4837253, at *3 (M.D. Fla. Oct. 12, 2011)

("Because Plaintiff's mental condition is in controversy and because Defendant has questions concerning the extent and causation of Plaintiff's emotional distress, the Court finds good cause exists to compel a mental examination.").

In addition, the plaintiff treated with Hope Counseling of Central FL, LLC, and was diagnosed with depressive disorder because of another medical condition. (Doc. 23, p. 5). This prior condition supports a finding that the plaintiff's mental condition is in controversy and there is good cause for a mental examination. *See Kaplan v. Palm Beach Pops, Inc.*, No. 10-80227-CIV, 2011 WL 13225152, at *3 (S.D. Fla. May 17, 2011) ("Further adding to the Defendants' 'good cause' showing is the host of other personal and medical issues that have plagued Plaintiff throughout the relevant time period, which can reasonably be found to have contributed to Plaintiff's mental condition."); *Gray v. State of Fla.*, No. 3:06-CV-990-J-20MCR, 2007 WL 2225815, at *2 (M.D. Fla. July 31, 2007) (finding that the plaintiff's mental condition was in controversy where her alleged depression was ongoing and exacerbated by the defendant's conduct).

The in controversy and good cause requirements of Rule 35 have been met and that the plaintiff must submit to a mental examination. Rule 35 requires the court's order to "specify the time, place, manner, conditions, and

4

scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). AdventHealth requests retaining Dr. Jeffrey A. Danziger of Psychiatric Affiliates, PA, to conduct the examination and expects that the examination will take four to six hours. AdventHealth also requests that the court order the examination be conducted in English. Although the plaintiff does not address this request, the court notes that a Spanish interpreter was provided for the plaintiff's deposition. By the plaintiff not addressing this topic in her opposition brief, however, it is unclear whether the plaintiff asserts an interpreter is a necessity or a convenience.

Accordingly, AdventHealth's motion to compel a Rule 35 mental examination (Doc. 23) is **GRANTED in part and DENIED in part**. The plaintiff must submit to a Rule 35 mental health evaluation. However, the remainder of AdventHealth's requests are denied without prejudice. The parties are **DIRECTED** to meet and confer by **January 7, 2022** about the time, place, manner, conditions, and scope of the examination, and who will perform it. Any dispute related to the examiner, scheduling, conditions, or scope of the mental examination may be raised by separate motion, if necessary, after the parties confer.

**ORDERED** in Tampa, Florida on December 22, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge